315-0288 DG Enterprises, LLC Will Tax, LLC Account by Timothy Clark v. Vincent F. Cornelius and all affiliate by George Mahoney Thank you. Timothy Clark, counsel for the appellate DG Enterprises. This is our appeal of the denial of a motion to reconsider issued by the Circuit Court of Will County, Illinois. The motion for reconsideration related to the grading of a 214-01 petition on behalf of the appellee, which in effect voided a previously issued tax deed pursuant to the property tax code. In 2008, DG Enterprises purchased the taxes for a piece of real estate known as 716 Henderson Street. They properly sent out their take notices, extended the redemption period out to the maximum allowed by law, and then filed for their tax deed on June 6th of 2011. They followed through, or DG attempted to do all those things they were required to do pursuant to the property tax code to acquire a tax deed, and on November 17, 2011, a hearing was held on the tax deed petition. No one appeared other than the petitioner, and the tax deed was granted, the court making all the applicable findings for the granting of the tax deed. Sixty-eight days later, the appellants filed their motion to vacate. Appellants filed a combined motion, either alleging a lack of personal jurisdiction under Section 2-301, or a 242-01 motion. We submit that Section 2-301 had absolutely nothing to do with the matter at hand, in that in-person jurisdiction is not required in a tax deed proceeding. All tax deed proceedings are inherently, in any REM proceeding, akin to a mortgage foreclosure. The court's order vacating the tax deed was predicated on Section 2-1401, and 2-1401 vacatures have to be brought under the grounds brought under Section 22-45 of the property tax code. Section 22-45 basically gives you two bases to seek vacature of a tax deed. Either there was fraud or deception in the acts leading up to the issuance of the tax deed, or even thereafter, or a two-part test. The record owner of the property was not named in the publication notice, and there was no diligent inquiry in attempting to serve them with notice. The court, when it heard its arguments, took arguments on the combined 2-301 and 2-1401 motion, and simply reviewed the record before it from the prove-up of the tax deed. There was no evidentiary hearing with regard to the facts surrounding the attempts at service of the take notices or the diligent inquiry as to the location of the record owner. And that's why we believe that the trial court erred when it denied our motion for reconsideration, our motion for reconsideration asking for that evidentiary hearing. At the first stage, did you ask for an evidentiary hearing? I'm somewhat hobbled in answering that question, Judge, because my partner who handled this case passed away, and I was not intimately involved with that portion of the case. So I can't directly answer whether there was a suggestion in the original argument, whether there should be an evidentiary hearing or not. I simply just don't know from what I have available to me, Your Honor. So we did ask for the evidentiary hearing. The court, in denying the motion, or sorry, the court granting the section 214-01 motion, said that the appellant had not been diligent in attempting to serve the take notices, despite the fact that, just from the bare record with the process server, his return indicating that he made 11 attempts at service on nine different days at the property address. The record appears that there was a car in the driveway, but no one would ever answer the door, the doors were locked, the property appeared to be occupied, but no answer. Simply based on that, the court made a finding of a lack of due diligence, and used that finding, a lack of due diligence, to vacate the tax deed. Now, we believe that's wrong because of the lack of evidentiary hearing. Because an evidentiary hearing would have, or would presumably lead to a number of facts coming out about the process server's entire observations about the property. Whether it was kept up, whether it was maintained, whether there was any indication that he should check any further. One of the interesting things about this case, fact-wise, is that all the notices that were sent to the property address were returned unclaimed. There was no notation on any of the returns from the Postal Service to indicate that the owner of record was not actually in the property. That draws a parallel to the Mary Lowe 2 case, where in that case, there was a return of one of the certified mailings indicating that the occupant was hospitalized. And on an evidentiary hearing, or not an evidentiary hearing, but an appeal, the Supreme Court there said there wasn't even an absolute duty on the part of the tax deed petitioner to follow up and try and figure out what hospital Ms. Lowe was in at the time. Although, if they had fully investigated, she would have found out that she was in a mental hospital, because that's what came out in the evidentiary hearing. We don't have any of that here, because we don't have or know where the record owner at the time was from the record. The only thing that anyone can presume is that the record owner of title, and at the time it was Lorraine Cornelius, was occupying the property, but she's never appeared in court, there's never been any testimony that she was not. So there's nothing to lead the tax petitioner to make any further inquiry, because you're not getting any sort of information based on the record here to look for additional information. Now, if an evidentiary hearing had been held, perhaps we would have heard that Mrs. Cornelius had been relocated to another place, and if there had been some notice or some further inquiry that she wasn't in there, then that might be defective to our proceeding, and perhaps the court was well taken. Did you do any additional inquiry besides sending somebody to serve the document? They did the normal inquiry, they ordered not a track book search, but a title commitment to determine the owner of record, sent all the required notices out, to take notices out, all of which came back unclaimed, set the process server up, like you said, he went to the property 11 times, there was no indication coming back from anything that Mrs. Cornelius was not in the property at the time, or that it was vacant. Did he have the right address? Pardon? Did he have the right address? Yeah, 716 Henderson. Because there was a motion to amend the tax deed, the address wasn't even on the tax deed that was prepared for the court's approval, correct? On January 19th, just five days before the 214-01 motion, somebody noticed the tax deed was deficient and asked the court to amend the order. So there's sloppiness throughout this, I know it's not your doing, but was that motion ever allowed? I did not handle that part of the location, Your Honor, so I cannot answer that question. So I'm not familiar with the motion. But you're certain that the process server went to the right address? There was no indication in the record anywhere that it was not the correct address. I mean, no one's raised that he was trying to serve Mrs. Cornelius at the wrong address. It's simply that she wasn't served. So are you suggesting to us or are you alleging that she was in there and she just refused to accept the notice? Well, I think that's a fair inference. However, we really don't have that before us because we never got to the evidentiary hearing in the trial court to determine where Mrs. Cornelius was. If she was in fact in the property, then I would submit that 11 temps on 9 days with someone not answering the door, with a car in the driveway, I think shows due diligence. However, we never got to that point because the trial court would not conduct the evidentiary hearing after it was asked for on the motion for reconsideration. So we have a record that doesn't tell us at all, based on what the trial court has before it, where Mrs. Cornelius was. I mean, I could tell you where I suspect she was. I can't tell you where she was. Okay, so we have an order from the trial court. What's our standard of review? The note. And that would be why? Pardon? Why? Why? Because the court did not conduct an evidentiary hearing. Okay, so it's a pure question of law. Pure question of law, yes. And interpretation of documents. Yes. Okay. Absolutely. We submit that if the court was to properly grant the 214, or if the granting of the 214-01 motion was proper, it had to be under one of the two grounds alluded to under section 2245. There were, we believe, no grounds exist under either one, but if they did, that evidentiary hearing must have been held. Without the evidentiary hearing, there's no way to know whether due diligence really occurred or not, just based on the bare record. And so we would submit that the trial court needs to be reversed and the matter needs to be remanded for an evidentiary hearing. Is there anybody else listed on the title? Not. Melvin Cornelius, who was Lorraine's, or is, excuse me, was, but Cornelius has passed away. Mr. Cornelius was Mrs. Cornelius's son, one of her sons. And he did not occupy the property. He what? He did not occupy the property. Did anybody talk to him? Not to my knowledge, Your Honor. Okay. Are there any other questions? Okay, thank you, Mr. Clark. You'll have five minutes of rebuttal. Thank you. Mr. Mahoney, good morning. Good morning, Your Honor. Mr. Clark, Mr. Cornelius, the Justice Jackson in the Malign case said something I think is really appropriate in this case. And it is that when notice is a person's due, process, which is but a mere gesture, is not due process. And really that's what this case is all about. Because the issue is can you take a person's home without giving them notice? Because in this case, other than a publication notice that I'll get to in a bit, Mrs. Cornelius was never personally served, never received a letter. The notice that was required to be published for her under Section 10 of the Act, and this is a very detailed notice, Your Honor, which requires warnings and cautions and what to do and who to see, it was never published. And so Mr. Clark has asked some questions, and I'd like to kind of address those. Is this an impersonal jurisdiction case? Justice Thies, writing in the Devon case, talked about, yes, it is. Because in effect, when you look at 2245, this is the section we're dealing under, they have to establish publication and due diligence to serve someone. And so this court, First District, looked at it and said, yes, in fact, there is impersonal jurisdiction required because if it's not and the court doesn't have that, the tax deed is void, and that's what they did in Devon. Are there any other cases that say that? Yeah, there are. There are some subsequent to that, Justice Smith, and it's not included in my brief because they were subsequent to the Devon case, but there is another case. If you'd like it, I can give it to you. The next question is, was there an evidentiary hearing? There was a request. There was none. It was a position of Mrs. Cornelius. None was required. We were looking exclusively at the record, the tax buyer's record in this case. Well, let me ask this. Was there a ñ there was an evidentiary hearing when the tax ñ not on the 14-1, but at the original proceeding for the tax deed? That's correct. And in that hearing that was held in November 2011, the attorney for the petitioner said what the petitioner had done in an effort to try and locate Mrs. Cornelius. And that's part of the record, and it was filed as a part of our combined motion. And so it's in the record, and the tax deed applicant said, We went to the house 11 times. We never served her. What more could we have done, I think is the exact term that the tax deed applicant told the court. And so the applicant, once they determined they couldn't find Mrs. Cornelius, whether she was at the house or not, it's not her responsibility statutorily or under Illinois public policy to let everybody know that I'm here. The statute's clear. The duty is on the tax applicant, the person buying the taxes, to use due diligence to find Mrs. Cornelius. And if they couldn't locate her, the statute, 2215 specifically, says that they must use due diligence and inquiry in an attempt to find her. So is there a transcript of that? There is. There is, and it's in part of the papers that I had filed, and I can give you the site if you'd like it. Because if people come to my house 11 days in a row at about 1 or 2 in the afternoon, I'm going to be at work. They're never going to find me. And so what did they do? According to the transcript of this hearing when the tax deed was issued, 11 attempts, what more could we do was the exact term, I think. Did they list the times or the dates? It was shown in the return of the process server, Justice. So, yes, there was 11 different times. But the curious thing is the first attempted service was after the publication was made for unknown owners, which I thought was curious because how can they publish and how can they have jurisdiction over people they can't find if they start the process of serving them before they publish? So in any event, the next issue is the due diligence. Well, let me just ask you one more question. At the first hearing, at the tax deed hearing, not the 1401, didn't the trial court found due diligence? Don't they have to find due diligence to issue the tax deed? They did. And I think, Your Honor, that it's a very, very perfunctory proceeding. And the attorney testifies, and here is the documents, and after the trial court had the opportunity to take a second look at this, to realize what was not done and what was not met as far as the publication is concerned or the due diligence is concerned. The trial court did the right thing. There was no publication, or are you talking about the font size? No. I'm talking about there are two issues. The first issue is the publication under Section 2210. Here's what's required. It's a very long, detailed publication, and it does certain things. It has a very specific office because it's designed to publish and to notify people, among other things, that you're going to lose your house. It specifically says this property has been sold for delinquent taxes. It urges you to redeem immediately. It requires you and gives you information to contact the county clerk. How do you redeem? It tells you you could lose possession of your house. That's a 2210 notice required to be published under Section 2215. And the 2215 suggests, directs, that the publication is under Section 2220. Now, what was published? This is what was published. If Mrs. Cornelius got any notice, this is the notice she would have gotten. And if she got it, it would have been solely serendipitous, solely by chance. Because it's a legal notice that's about three-and-a-half inches by two inches, and the cautionary components that are contained in the 2210, you've got to redeem. Here's who you see. You could lose your house. None of those requirements were at all mentioned in the notice that was published. And are you telling us that notice was published before they attempted service? This notice, Your Honor, was published on July 14th. That was the first run date of publication. I believe the first attempt at service of Mrs. Cornelius was July 19th. So the publication preceded the first attempt at service. And so it's the Mrs. Cornelius's theory that under Section 2220, which controls the publication itself, that it refers to a publication. And Section 2215 describes that publication must take place at a newspaper under Section 2220. The only time publication is enumerated statutorily is in 2215, which refers to the 2210 notice. So it's our position statutorily the failure to publish the 2210 notice that would have given all of the cautionary things that a taxpayer should be receiving is what is required statutorily to be published, and in this case it was not. And it just makes sense from a public policy standpoint that if you have tried to serve people and you couldn't, you went out and looked for them. You talked to the postal authorities. You talked to neighbors. You posted notices on the house. You sent it by ring. But there weren't posted notices. There was nothing done. But if somebody did all this, and that was not done in this case, but if somebody did all this and ultimately could not locate a person and they used the effort required for due diligence and effort, does it make sense that the Illinois legislature and public policy of Illinois, when this is the last hope that they're going to get notice of something, that they might by chance get an idea that their house is in jeopardy? Does it make sense that the warnings that are required are not published? That the cautionary things of what you do are not included? I don't think that's what the statute requires. I think it requires that 2210 notice, that wasn't done. And, Your Honors, that beats the first test under our petition to have the trial court affirmed. Now, the second test is the due diligence. And the due diligence component is what did they do? They're required under 2215 to go out and serve, preferable. That's what the statute talks about. They want personal service. They recognize that publication is simply a chance. And if they can't be found, then they have to demonstrate due diligence and inquiry before they may. And that would be, Your Honor, one of the proofs that they would have to establish at that hearing at the time the trial deed is issued to show what, in fact, they did and what affidavits they filed in support of the tax deed. Now, if you will, and I know you've examined it, what was filed in this case? There was a provision in the affidavit and application for tax deed, which essentially says that, and they use the term none, and it's in paragraph eight and nine of the application. Essentially, tell us who you couldn't serve and who you couldn't locate. And in each instance, when they submitted that to the court, the affidavit says none. We know that's not true. We also know that they did nothing to try and find Mrs. Cordelius. The record is void of any activity at all. And yet, knowing that Mrs. Oh, wait a minute. Just to be fair, going to the house and knocking on the door would be one attempt to find her, wouldn't it? Well, Judge, it's a risk. Because if I'm going to a door and I know nobody has ever answered that door, I know all of these letters are coming back unclaimed, is it an exercise in futility? I don't think that's what due diligence is. I think what due diligence is is when you know that, when you know that there is no response, the statute imposes an obligation on the tax buyer to look, to try and find that person, not to go back where they know it's not happened in the past, but to go places where it could happen in the future. So in any event, I hope that answers your question, Your Honor. Well, I'm going to talk about the difference. There's a difference between no attempt at all and due diligence. Right, exactly. But the statute talks about due diligence when they're not served. And so in this instance, there is nothing that was done by the tax buyer to try and find Mrs. Cornelius. Does the case file provide a time frame for that due diligence? Does it have to occur before publication? The statute says that you can publish at any time. I take that, though, Your Honor, because I think the Civil Practice Act applies. And under the Civil Practice Act, under your affidavit for publication, you are required to demonstrate in your affidavit you've tried to find it and what you've done to try and find it. So following up on Justice Schmitt's question, in this case we know there was no diligence at all before the publication because the attempts came after. Right, and there was no diligence after as well. Okay, that's your argument, and I think Justice Schmitt's point is well taken, that 11 attempts under some situations would be due diligence. But is there any case law that gives us a time frame for when due diligence must occur? No, and I haven't found it, Your Honor. Okay, thank you. Is that form over substance? I mean, in the case if there is due diligence and it happens before the tax deed is issued before the sale, whether going to the house and knocking on the door or the publication, whichever comes first, you understand what I'm saying? Assume we found due diligence. Very well. Whether the chicken or the egg came first really has no substance. But what didn't occur is once they knew they couldn't find her, they didn't do anything to try and find her. And by going to the house and knocking on the door, in my opinion, is not due diligence. Well, would it be unreasonable to assume if a storm door is locked, that it was locked from the inside? I suppose there are storm doors that have keys on them, but every house I've ever owned, you can only lock them from the inside. I don't know what this was, Your Honor. What happened to the motion not pro tempore? There was no ruling on it. So the tax deed that we're talking about doesn't even have an address on it. The tax deed was how the tax deed was, and there was no entry of any order addressing that motion. Thank you very much. Thank you, Mr. Mahoney. Mr. Clark, any rebuttal? Yes, thank you, Your Honor. I raise a point brought up by Justice Wright. With regard to the attempts at service, the return of service shows multiple attempts at different times of the day, as early as 11 or not as early. There's an attempt at about 11.30 a.m., 9 o'clock at night, 8 o'clock at night, 8.20 in the morning, 4.50 in the afternoon, various times of the day. All right. But what about, like, posting? Traditionally we see where someone would go out and they'll post that notice, tape it to the front door or the back door or both doors. I mean, that's not a heroic measure, is it? But nobody can get out of the house without passing it, right? The statute doesn't really refer to posting as being an appropriate method of service under the property tax code. But we're talking about due diligence. Right. And with regard to that, there was a question about the lock screen door. And I'll read the process service notes again. No contact, 11.10, vehicle in driveway, outdoor storm doors locked. Put it under the windshield wiper. How simple. How simple. Are the process service paid by the attempt? No. No one would answer our inquiries at the door. And I'm not sure that, you know, if I had posting, I think I would have an argument that you can't post. If I stuck it under the windshield, I have an argument that you can't stick it under the windshield. I don't think anybody says you can't post. The idea is maybe that is, but the idea is every opportunity to give this person a notice that we're fixing to take your house. Sure. Now, with regard to the publication and attempts at service, they're always done at the same time. You're under a requirement to serve individuals, unknown owners and non-recorded claimants by publication. It just all comes out at the same time. It's not an effort. So you're saying the publication was not directed at her at all, but the other unknown claimants? Well, it was directed at everyone because it does name everyone, okay? But in addition to publication, which is initially directed, I mean, it names everyone, but its main purpose is to serve unknown owners and non-recorded claimants. It does name the record owner and anyone who has an interest. The publication notice is sent out for publication at the same time as the take notice is sent out for service. Now, the take notice that's sent out for service is the form that's in Section 2210. With due respect to Mr. Mahoney's position, that is not the required notice that is to be published under Section 2220. Section 2220 specifically says that the publication notice shall contain, and it sets forth, six things. It doesn't say, thou shalt reprint the 2210 notice directly. It gives you a specific lineup of what the publication shall contain, and that's at the very end of the second paragraph of Section 2220. With regard to Justice Fison's statement that in person jurisdiction is required, this court, just this past October, in a decision written by Justice Carter in the Norman Boyd case, which came out, I believe, after all the briefs were filed, again reaffirmed that a tax deed proceeding is in rem, and the issue of in person jurisdiction is not addressed. The in rem jurisdiction strictly goes to the ability of the court to issue the tax deed. The purpose of the notices is to give notice and to determine whether the tax deed should be issued, but it is not an attempt at personal jurisdiction. I believe that's all I have to rebuttal, unless there's any other questions. Are there any other questions for Mr. Clark? Okay, thank you. Thank you for your time today. We thank both of you for your arguments this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. Thank you, Your Honor. The court will now stand in brief recess for a panel exchange.